**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| PATEL ADITYA,<br>a/k/a Aditya Patel,<br><br>　　　　　Petitioner,<br><br>　　　v.<br><br>MUNICIPAL COURT OF<br>ATLANTIC CITY, et al.,<br><br>　　　　　Respondents. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No. 14-1366(NLH)<br><br><br>**MEMORANDUM OPINION** |

**APPEARANCES:**

Patel Aditya
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ 08330
　　Petitioner pro se

**HILLMAN,** District Judge

　　Petitioner Patel Aditya,[1] a prisoner confined at the Atlantic County Justice Facility in Mays Landing, New Jersey, has filed a Petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, asserting that he is being detained beyond the

---

[1] The Court notes that some of the attachments to the Petition suggest that Petitioner is also known as "Aditya Patel." Accordingly, the Court will order the Clerk of the Court to reflect this alias on the Docket.

term of his sentence.  For the reasons set forth below, this matter will be administratively terminated.

A.    The Filing Fee

The filing fee for a petition for writ of habeas corpus is $5.00.  Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing.  Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for a writ of habeas corpus and seeks to proceed in forma pauperis, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification.  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis.  Local Civil Rule 81.2(c).

Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor did Petitioner submit an application for leave to proceed in forma pauperis.  Accordingly, the Court will order the Clerk of the Court to administratively terminate this action for failure to

2

satisfy the filing fee requirement.

To the extent Petitioner asserts that institutional officials have refused to provide the certified account statement, any such assertion must be supported by an affidavit detailing the circumstances of Petitioner's request for a certified account statement and the institutional officials' refusal to comply, including the dates of such events and the names of the individuals involved.

B.   The Proper Respondent

Petitioner has named as Respondents the Municipal Court of Atlantic City and the Attorney General of New Jersey. Petitioner has not named as a respondent the warden of the Atlantic County Justice Facility, where he is confined.

Among other things, 28 U.S.C. § 2242 requires the petition for a writ of habeas corpus to allege "the name of the person who has custody over [the petitioner]."  See also 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.").  "[T]hese provisions contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary."  Wales v. Whitney, 114 U.S. 5674, 574 (1885) (emphasis added).

3

> In accord with the statutory language and <u>Wales</u>' immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement - Acore challenges@ - the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.

<u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 434-436 (2004) (citations omitted).

Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts provides similar guidance.

> **(a) Current Custody: Naming the Respondent.** If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.

Rule 2(a), Rules Governing Section 2254 Cases.

Thus, under the circumstances of this case, where Petitioner is presently confined pursuant to a state conviction, neither the Municipal Court of Atlantic City, nor the Attorney General of New Jersey, is a proper respondent. Instead, the warden of the facility where Petitioner is held is an indispensable party respondent, for want of whose presence the Petition may not proceed. If Petitioner applies to re-open this matter, he must submit an amended petition naming a proper respondent.[2]

---

[2] Pursuant to Local Civil Rule 81.2:

> Unless prepared by counsel, petitions to this Court for a writ of <u>habeas corpus</u> ... shall be in writing

4

C.   Exhaustion of State Remedies

Pursuant to 28 U.S.C. § 2254(b), a petition for writ of habeas corpus on behalf of a person in state custody shall not be granted unless the petitioner has exhausted the remedies available in state court, or there is an absence of available state remedies, or circumstances exist that render state remedies ineffective to protect the rights of the petitioner.

Here, Petitioner admits that he has failed to exhaust his state remedies.  He asserts that he has attempted to contact the sentencing court, without any result, but does not otherwise explain what efforts he has made to exhaust state remedies.  If Petitioner applies to re-open this matter, he must set forth in detail, in an amended petition, the efforts he has made to exhaust his state remedies or the circumstances that render state remedies ineffective to protect his rights.

## CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate the Petition

---

(legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L.Civ.R. 81.2(a).  Petitioner did not use the habeas form supplied by the Clerk for Section 2254 petitions, i.e., "AO241 (modified): DNJ-Habeas-008 (Rev. 01-2014)."  Any amended petition should be submitted on the form supplied by the Clerk.

5

without prejudice.[3]  Petitioner will be granted leave to apply to re-open this matter for further proceedings on the merits, within 30 days, by submitting a complete signed amended petition on the appropriate form and by either prepaying the filing fee or submitting a complete application for leave to proceed in forma pauperis.

An appropriate Order will be entered.


At Camden, New Jersey                s/Noel L. Hillman
                                     Noel L. Hillman
                                     United States District Judge

Dated:  March 20, 2014

---

[3] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Burns v. Morton, 134 F.3d 109 (3d Cir. 1998) (applying Houston mailbox rule to the filing of federal habeas petitions); Woodson v. Payton, 503 F.App'x 110, 112 n.3 (3d Cir. 2012) (citing both Houston and Burns); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).